UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

**NURAGA MAJETIC,**

    **Plaintiff,**

v.                              **CASE #  1:24-cv-88**

**UNUM LIFE INSURANCE
COMPANY OF AMERICA,**

    **Defendant.**
_____/

## COMPLAINT

The Plaintiff, NURAGA MAJETIC (MAJETIC), sues Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA (UNUM), and states:

### Count I

**Claim for Short Term Disability Benefits under 2 U.S.C. §1132(a)(1)(B)**

### Jurisdiction and Venue

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. §1132.

3. UNUM is an insurance company licensed to transact business in Tennessee, which is or was at all relevant times engaged in business in this District.

4. Venue is proper within this District.

## Standard of Review Applicable to this ERISA Action

5. Tyson is the Plan Sponsor of an employee benefit plan providing disability benefits to its employees (the Plan).

6. At all relevant times, MAJETIC is and/or was a participant in the Plan incident to his employment.

7. Tyson Foods, Inc. funded its Plan by purchasing a group policy of insurance (Policy # 111886001 issued by UNUM. A copy of the Long Term Disability policy is attached hereto as Exhibit "A".

8. UNUM acted as the Plan's Claim Administrator, making benefits determinations under the group policy it issued, including the determination made on Plaintiff's claim.

9. The Plan's terms do not grant discretionary authority to UNUM. Alternatively, the Plan Administrator or Plan Sponsor did not properly delegate discretion to UNUM.

10. The Short Term Disability group policy was drafted in its entirety by UNUM.

11. The Short Term Disability group policy is a contract of adhesion.

12. Tyson Foods, Inc. and UNUM use the group insurance policy issued by UNUM (Exhibit A) as both the Plan document and policy language.

13. No other plan documents exist other than the group insurance policy (Exhibit A).

14. No originating plan document exists that instituted the Plan.

15. No originating plan document or other document exists in which Tyson Foods, Inc. reserved any discretionary authority to itself in relation to the Plan.

16. The employees or agents of Tyson Foods, Inc. and UNUM did not discuss or correspond about the existence, meaning, or significance of delegating discretionary authority from TYSON to UNUM.

17. At the inception of the Plan, Tyson Foods, Inc. did not retain to itself the authority to delegate discretionary authority of any type to an insurance company from which it was to purchase an insurance policy to fund the Plan.

18. At the time it purchased the Short Term Disability group insurance policy from UNUM, Tyson Foods, Inc. did not have any discretionary authority which it could delegate to an insurance company.

19. There is no mention of any delegation of discretion to UNUM within the four corners of the Short Term Disability group insurance policy which funds the Plan.

20. UNUM was not delegated discretionary authority such that its claim decision is entitled to a discretionary or arbitrary and capricious standard of review, because of one or more of the following:

    a) Tyson Foods, Inc. never had the authority to delegate discretion to UNUM following the inception of its disability plan;

    b) Discretionary authority is a material concept that UNUM never discussed or negotiated with Tyson Foods, Inc.;

c) The Short Term Disability group insurance policy is a contract of adhesion drafted entirely by the funding source company which cannot inject discretion into the plan for the first time;

d) If it had the power to delegate discretion, Tyson Foods, Inc. did not properly delegate discretionary authority over claims decisions to UNUM.

21. De novo review applies to this action.

22. To the extent that this court determines that de novo review does not apply to this action, UNUM pays claims from its own general assets as the claims decision maker and funder of the group insurance policy, and UNUM operates under a conflict of interest.

23. Any claims paid under the Long Term Group Insurance Policy, are paid by UNUM entirely from UNUM's assets.

24. No assets of Tyson Foods, Inc. are used to pay claims under the Plan.

**Claim for Disability Benefits Under the Plan**

25. MAJETIC stopped working on May 1, 2022, because of limitations resulting from chronic lumbar radiculopathy, chronic bilateral shoulder pain, hip pain, and degenerative disc disease at L5-S1 with right paracentral disc protrusion.

26. Under the Short Term Disability, a Plan participant is and was eligible to receive Short Term Disability benefits when the participant meets the following definition stated in the group insurance policy funding the Plan:

> An injury or illness that causes physical or mental impairment of a degree that the team member is: continuously unable to perform the material and substantial duties of his/her regular job, and must receive appropriate and regular care for his or her condition from a physician who is not the team member or member of the team member's immediate family.

27. MAJETIC applied for Short Term Disability benefits under the Plan on June 21, 2022.

28. UNUM denied MAJETIC's claim for Short Term Disability benefits on September 15, 2022.

29. However, MAJETIC was found totally disabled under UNUM's Short Term Disability plan, which uses essentially the same definition of totally disabled for at least the first two years a participant's Long Term disability, and was paid Short Term Disability benefits commencing on May 1, 2022, to July 13, 2022.

30. The basis for UNUM's initial denial was that MAJETIC did not meet the Plan's definition of disability because it claimed the medical documentation received did not support an inability to perform the material and substantial duties of MAJETIC's job as of July 13, 2022 and the 90 days required Elimination Period would have ended on July 29, 2022.

31. MAJETIC submitted a timely appeal of the denial of benefits to UNUM on March 9, 2023.

32. At all relevant times, MAJETIC met the terms of the Plan's definition of "disabled."

33. Due to his chronic lumbar radiculopathy, chronic bilateral shoulder pain, hip pain, and degenerative disc disease, MAJETIC experienced decreased lumbar range of motion, pain, and functional limitations.

34. MAJETIC's occupational therapy (OT) evaluation documented significant deficits in the use of his arms, legs, neck, and back, as well as reduced grip strength which causes difficulty with manual dexterity and wielding instruments at work.

35. Due to his chronic pain and decreased range of motion, MAJETIC has not been able to return to work in his own occupation or any occupation since he ceased working in 2022.

36. MAJETIC's treating providers have not issued a release to return to work.

37. MAJETIC met and continued to meet the definition of total disability based upon objective restrictions and limitations stemming from objective medical evidence and conditions.

38. On April 3, 2023, UNUM upheld its original decision and denied MAJETIC's appeal, stating MAJETIC's reported disability did not extend beyond the required elimination period.

39. UNUM has refused to pay the benefits sought by MAJETIC.

40. With respect to all claims made herein, MAJETIC has exhausted all required administrative/pre-suit remedies as of April 12, 2023.

41. MAJETIC is entitled to certain benefits under the Plan consisting of benefits for Short Term Disability from July 13, 2022, through the date of filing this action.

42. MAJETIC's gross plan benefit is $462 per week during the eleventh to twelfth weeks of his Short Term Disability.

43. There are 2.28 weeks past-due Short Term Disability benefit payments owed through the date of filing this action covering the period from July 13, 2022, through July 29, 2022.

44. UNUM deprived MAJETIC of the aggregate sum of $1,053.36.

45. Plaintiff is entitled to benefits herein because:

   a. The benefits are permitted under the Plan.

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits.

   c. Plaintiff has not waived or relinquished entitlement to the benefit.

46. Each weekly benefit payment owed is a liquidated sum and became liquidated on the date of the payment was due and payable. Plaintiff seeks prejudgment interest on each such payment.

47. Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), MAJETIC is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent him in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

WHEREFORE, the Plaintiff, NURAGA MAJETIC, asks this Court to enter judgment against the Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, a foreign corporation, finding that:

(1) The Plaintiff is entitled to Short Term Disability benefits from July 13, 2022, through July 29, 2022; and

(2) The Plaintiff must be awarded benefits in the amount not paid to the Plaintiff from July 13, 2022, to July 29, 2022, for a total of $1,053.36 together with prejudgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid; and

(3) The Plaintiff must be awarded reasonable attorney fees and costs incurred in this action; and

(4) For such other and further relief as this Court deems just and proper.

## Count II

**Claim for Long Term Disability Benefits under 2 U.S.C. §1132(a)(1)(B)**

### Jurisdiction and Venue

48. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

49. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. §1132.

50. UNUM is an insurance company licensed to transact business in Tennessee, which is or was at all relevant times engaged in business in this District.

51. Venue is proper within this District.

## Standard of Review Applicable to this ERISA Action

52. Tyson is the Plan Sponsor of an employee benefit plan providing disability benefits to its employees (the Plan).

53. At all relevant times, MAJETIC is and/or was a participant in the Plan incident to his employment.

54. Tyson Foods, Inc. funded its Plan by purchasing a group policy of insurance (Policy # 111886001 issued by UNUM. A copy of the Long Term Disability policy is attached hereto as Exhibit "A".

55. UNUM acted as the Plan's Claim Administrator, making benefits determinations under the group policy it issued, including the determination made on Plaintiff's claim.

56. The Plan's terms do not grant discretionary authority to UNUM. Alternatively, the Plan Administrator or Plan Sponsor did not properly delegate discretion to UNUM.

57. The Long Term Disability group policy was drafted in its entirety by UNUM.

58. The Long Term Disability group policy is a contract of adhesion.

59. Tyson Foods, Inc. and UNUM use the group insurance policy issued by UNUM (Exhibit A) as both the Plan document and policy language.

60. No other plan documents exist other than the group insurance policy (Exhibit A).

61. No originating plan document exists that instituted the Plan.

62. No originating plan document or other document exists in which Tyson Foods, Inc. reserved any discretionary authority to itself in relation to the Plan.

63. The employees or agents of Tyson Foods, Inc. and UNUM did not discuss or correspond about the existence, meaning, or significance of delegating discretionary authority from TYSON to UNUM.

64. At the inception of the Plan, Tyson Foods, Inc. did not retain to itself the authority to delegate discretionary authority of any type to an insurance company from which it was to purchase an insurance policy to fund the Plan.

65. At the time it purchased the Long Term Disability group insurance policy from UNUM, Tyson Foods, Inc. did not have any discretionary authority which it could delegate to an insurance company.

66. There is no mention of any delegation of discretion to UNUM within the four corners of the Long Term Disability group insurance policy which funds the Plan.

67. UNUM was not delegated discretionary authority such that its claim decision is entitled to a discretionary or arbitrary and capricious standard of review, because of one or more of the following:

    a) Tyson Foods, Inc. never had the authority to delegate discretion to UNUM following the inception of its disability plan;

    b) Discretionary authority is a material concept that UNUM never discussed or negotiated with Tyson Foods, Inc.;

c) The Long Term Disability group insurance policy is a contract of adhesion drafted entirely by the funding source company which cannot inject discretion into the plan for the first time;

d) If it had the power to delegate discretion, Tyson Foods, Inc. did not properly delegate discretionary authority over claims decisions to UNUM.

68. De novo review applies to this action.

69. To the extent that this court determines that de novo review does not apply to this action, UNUM pays claims from its own general assets as the claims decision maker and funder of the group insurance policy, and UNUM operates under a conflict of interest.

70. Any claims paid under the Long Term Group Insurance Policy, are paid by UNUM entirely from UNUM's assets.

71. No assets of Tyson Foods, Inc. are used to pay claims under the Plan.

## Claim for Disability Benefits Under the Plan

72. MAJETIC stopped working on May 1, 2022, because of limitations resulting from chronic lumbar radiculopathy, chronic bilateral shoulder pain, hip pain, and degenerative disc disease at L5-S1 with right paracentral disc protrusion.

73. Under the Long Term Disability, a Plan participant is and was eligible to receive Long Term Disability benefits when the participant meets the following definition stated in the group insurance policy funding the Plan:

> You are limited from performing the material and substantial duties of your own job at Tyson Foods, Inc. due to your sickness or injury; and
> You have 20% or more loss in your indexed monthly earnings due to the same sickness or injury; and
>
> During the elimination period, you are unable to perform any of the material and substantial duties of your own job at Tyson Foods, inc.

74. MAJETIC became eligible to receive Long Term Disability benefits under the Plan following a 90-day elimination period ending on July 29, 2022.

75. However, MAJETIC was found totally disabled under UNUM's Short Term Disability plan from May 1, 2022, to July 13, 2022. The Short Term Disability Plan uses essentially the same definition of totally disabled for at least the first two years of a participant's Long Term disability.

76. Approximately 2 weeks before Long Term Disability benefits were scheduled to start, Unum terminated payment of Short Term Disability benefits to MAJETIC.

77. The basis for UNUM's initial denial was that MAJETIC did not meet the Plan's definition of disability because it claimed the medical documentation received did not support an inability to perform the material and substantial duties of MAJETIC's job as of July 13, 2022, and the 90 days required Elimination Period would have ended on July 29, 2022.

78. MAJETIC submitted a timely appeal of the denial of benefits to UNUM on March 9, 2023.

79. At all relevant times, MAJETIC met the terms of the Plan's definition of "disabled."

80. Due to his chronic lumbar radiculopathy, chronic bilateral shoulder pain, hip pain, and degenerative disc disease, MAJETIC experienced decreased lumbar range of motion, pain, and functional limitations.

81. MAJETIC's occupational therapy (OT) evaluation documented significant deficits in the use of his arms, legs, neck, and back, as well as reduced grip strength which causes difficulty with manual dexterity and wielding instruments at work.

82. Due to his chronic pain and decreased range of motion, MAJETIC has not been able to return to work in his own occupation or any occupation since he ceased working in 2022.

83. MAJETIC's treating providers have not issued a release to return to work.

84. MAJETIC met and continued to meet the definition of total disability based upon objective restrictions and limitations stemming from objective medical evidence and conditions.

85. On April 3, 2023, UNUM upheld its original decision and denied MAJETIC's appeal, stating MAJETIC's reported disability did not extend beyond the required elimination period.

86. UNUM has refused to pay the benefits sought by MAJETIC.

87. With respect to all claims made herein, MAJETIC has exhausted all required administrative/pre-suit remedies as of April 12, 2023.

88. MAJETIC is entitled to certain benefits under the Plan consisting of benefits for and Long Term Disability from July 29, 2022, through the date of filing this action.

89. MAJETIC's gross plan benefit is $2,106 per month.

90. There are 19.33 months of past-due monthly benefit payments owed through the date of filing this action.

91. UNUM has deprived MAJETIC of the aggregate sum of $40,708.98.

92. Plaintiff is entitled to benefits herein because:

    a. The benefits are permitted under the Plan.

    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits.

    c. Plaintiff has not waived or relinquished entitlement to the benefit.

93. Each monthly benefit payment owed is a liquidated sum and became liquidated on the date of the payment was due and payable. Plaintiff seeks prejudgment interest on each such payment.

94. Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), MAJETIC is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent him in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

WHEREFORE, the Plaintiff, NURAGA MAJETIC, asks this Court to enter judgment against the Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, a foreign corporation, finding that:

(5) The Plaintiff is entitled to Long Term Disability benefits from July 29, 2022, through March 30, 2038; and

(6) The Plaintiff must be awarded benefits in the amount not paid to the Plaintiff from July 29, 2022 through the date of filing this lawsuit, for a total of $40,708.98 together with prejudgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid; and

(7) The Plaintiff must be awarded reasonable attorney fees and costs incurred in this action; and

(8) For such other and further relief as this Court deems just and proper.

Signed this 28 day of February 2024.

    /s/ John v. Tucker
JOHN V. TUCKER, ESQUIRE
Florida Bar # 0899917
TUCKER LAW GROUP, P.A.
5235 16th St. North
St. Petersburg, FL  33703
Tel.:  (727) 572-5000
Fax:  (727) 571-1415
tucker@tuckerdisability.com
*Lead Attorney and Lead Counsel for the Plaintiff*